**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| *In re* SANCTUARY BELIZE LITIGATION (proposed) | No: _____ |
| FEDERAL TRADE COMMISSION<br><br>        Plaintiff,<br><br>    v.<br><br>ECOLOGICAL FOX, LLC et al.<br><br>        Defendants. | No.: 18-cv-3309-PJM |

**FEDERAL TRADE COMMISSION'S OPPOSITION TO
DEFENDANT ANDRIS PUKKE'S MOTION TO QUASH NOTICE
OF DEPOSITION AND FOR A PROTECTION ORDER**

**I.  INTRODUCTION**

The Federal Trade Commission ("FTC") respectfully opposes Defendant Andris Pukke's motion (Dkt No. 188 ("Motion")), which seeks an unwarranted and unjustifiable protective order blocking the FTC from deposing him prior to the preliminary injunction hearing scheduled for March 11, 2019.  Pukke does not dispute the relevance of his testimony.  Nor does he seek any accommodation for his supposed concerns.  Rather, in seeking to quash the deposition, Pukke significantly exaggerates the burden this deposition would impose on him, patently misrepresents the FTC's previous conduct, and ignores the importance of this discovery to the FTC's motion for preliminary injunction.  Pukke's manufactured and conclusory excuses do not come close to satisfying his burden to show good cause for a protective order staying a deposition.  In addition, the FTC's strong interest in deposing Pukke, whose testimony is essential to proving his liability, far outweighs any prejudice Pukke may face.  The Court should thus deny Pukke's Motion and order that he appear for his duly noticed deposition.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c), a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1). The movant bears the burden of establishing good cause. *See Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012) (citing *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D. Md. 2009)).[1] In determining good cause, a court normally balances "the interest of a party in obtaining the information versus the interest of his opponent in keeping the information confidential or in not requiring its production." *UAI Tech., Inc. v. Valutech, Inc.*, 122 F.R.D. 188, 191 (M.D.N.C. 1988) (citations omitted).

Protective orders "should be sparingly used and cautiously granted." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006) (citations omitted). "This is especially the case with requests to stay depositions, the majority of which courts deny." *Id*. (citing *Medlin v. Andrew*, 113 F.R.D. 650, 652 (M.D.N.C. 1987); 10 Fed. Proc., L.Ed. § 26:191 (an "order to vacate a notice of taking a deposition is generally regarded by the courts as both unusual and unfavored")). Further, a movant must present "a particular and specific demonstration of fact" to support a protective order, rather than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Webb*, 283 F.R.D. at 279 (citing *Minter*, 258 F.R.D. at 125).

---

[1] A motion to quash under Rule 45 similarly requires the movant to satisfy the burden of showing that compliance would be unduly burdensome. *See Fleet Bus. Credit, LLC v. Solarcom, LLC,* No. CIV. AMD 05-901, 2005 WL 1025799, at *1 (D. Md. May 2, 2005).

2

### III. ARGUMENT

#### A. Pukke Has Failed to Demonstrate That There Is Good Cause to Issue a Protective Order.

Pukke's arguments to support good cause fail for multiple reasons. *First*, Pukke's conclusory and speculative claims about prejudice do not constitute good cause. *Webb*, 283 F.R.D. at 279. For instance, Pukke states without any explanation that the deposition "could lead to additional motions practice." (Mot. at 3-4.) He also claims that the deposition will require his counsel to "redirect and reallocate" resources, and would leave him "virtually no time" for hearing preparation. (*Id*. at 3-4.) Pukke does not substantiate these broad claims with any specific allegations about his counsel's availability. In fact, contrary to his contentions, the docket for this litigation shows that Pukke is currently represented by at least eight attorneys, including a law firm with an office in Los Angeles. (*See* Dkt Nos. 43-46; 89-90; 156; 192.) It thus seems implausible that Pukke and his counsel lack resources to tackle the purported logistical hurdles of his deposition. Nor has Pukke shown why his counsel can manage eight other depositions but lack the resources for Pukke's deposition. In fact, Pukke's assertions simply establish no more than the general inconvenience potentially faced by any party in complex litigation, and fail to identify any concrete, non-speculative harm that Pukke would suffer without a protective order.[2]

---

[2] Pukke also overstates his claimed burden in appearing because his previous testimony strongly indicates that he is likely to invoke his Fifth Amendment privilege in response to a majority of the FTC's questions. Thus, it is unlikely that Pukke's counsel will lose "several days of hearing preparation" due to his deposition. (Mot. at 3.) To be clear, even if Pukke offers no substantive responses to questions put to him in his deposition, his deposition will be useful and important to the FTC because upon admission of the testimony, the Court may make adverse inferences from his assertions of the Fifth Amendment privilege. *See Baxter v. Palmigiano*, 425 U.S. 308, 318-319 (1976).

*Second*, Pukke's issue with the timing of his deposition is inappropriate in light of the Court's discovery-related orders. (Mot. at 3.) In fact, the Court's orders have contemplated precisely the type of discovery at issue here. In the Interim PI Order, the Court authorized the FTC to conduct expedited discovery, including depositions of parties and non-parties. *See* Extension of Temporary Restraining Order and Interim Preliminary Injunction (Dkt No. 34-1, at p.46 of 91.) Further, the Court's January 9, 2019 Order permitted the FTC to depose Pukke "with respect to his and others' relationship to AIBL, *subject to further depositions on that and other topics*." (Dkt No. 101 at 2 (emphasis added).) Pukke has had ample time and opportunity to seek modification of the Interim PI Order. Instead, he waited until the last minute to file this Motion. The Court should reject Pukke's transparent attempt to deprive the FTC of a meaningful opportunity to defend its discovery rights.

*Third*, there is no basis for Pukke's contention that he was afforded insufficient time to prepare for his deposition. The Interim PI Order provides for depositions on an expedited basis in light of the limited time available in advance of the preliminary injunction hearing. (Dkt No. 34-1, at p.46.) For this deposition, the FTC provided Pukke with ten days' notice. Pukke offers no explanation for why he needed additional time beyond the already-expanded notice period.

*Fourth*, Pukke improperly alleges that the FTC's purported misconduct during his January 15, 2019 deposition constitutes good cause for a protective order staying his deposition until after the preliminary injunction hearing. (Mot. at 1-2.)[3] Unsurprisingly, Pukke has cited no legal authority to support this proposition. More importantly, Pukke's arguments blatantly mischaracterize the Court's orders and the FTC's conduct during his deposition. Consistent with

---

[3] The Commission will be responding separately and more fully to Pukke's motion to strike his January 15, 2019 testimony. (Dkt No. 165.)

the Court's January 9, 2019 Order and subsequent instructions, the Commission's questioning was limited to Pukke's and others' relationship to AIBL and relevant foundational questions. (*See* Dkt 165-1 at 11-12 (the Court authorizing the FTC to ask questions about "how he comes to know certain things" and further stating "why he does not know other things is also a fair inquiry," and concluding that the FTC can ask the necessary foundational questions without getting "hung up" on the word "control").) The FTC's questions, therefore, probing the extent of Pukke's knowledge, and role in which he could or should have had knowledge, were plainly appropriate. Furthermore, Pukke has not shown any cognizable harm from the deposition, which, in fact, was concluded in less than the allotted three hours. Significantly, Pukke's upcoming deposition does not pose any scope-related issues, and Pukke has raised none. Therefore, a protective order is unnecessary to prevent any alleged manipulation or abuse of discovery. Regardless, this type of speculative concern does not satisfy the high standard of a protective order. *Webb*, 283 F.R.D. at 279.

### B. Pukke Has Failed to Show That Any Alleged Burden Outweighs the FTC's Interest in Obtaining his Deposition Testimony.

The FTC has a strong interest in obtaining Pukke's deposition testimony pursuant to the Interim PI Order. In fact, Pukke does not dispute that his deposition would discover information relevant to the preliminary injunction hearing scheduled on March 11, 2019. He simply wishes to preclude his deposition to continue his attempts to resist discovery in this litigation. Significantly, because Pukke has now filed an opposition to the FTC's motion for preliminary injunction, the FTC has a greater interest in probing him regarding the newly made factual assertions in his memorandum. *See* Defendant Andris Pukke's Opposition to Plaintiff's Motion for a Preliminary Injunction, (Dkt No. 177, Feb. 11, 2019). It would be prejudicial to the FTC if

it is deprived the opportunity to test the veracity of such assertions prior to Pukke's live testimony during the preliminary injunction hearing.

Pukke protests that the FTC is "reversing its" position by requesting his deposition when it previously moved to rely on written testimony of harmed consumers, former employees, FTC staff and retained experts, which it filed "to save the Court and parties weeks of testimony." *See* FTC Motion to Admit Declarations and Expert Reports in the Interim Preliminary Injunction Hearing, (Dkt No. 154, Feb. 6, 2019). However, there is nothing inconsistent about noticing Pukke's deposition and relying on the declarations of those witnesses. Indeed, the Commission said nothing there about Pukke's testimony or forfeiting the Commission's right to discovery as set forth in the Interim PI Order. (Dkt No. 34, at p.46 of 91.) Moreover, as of the time of that FTC filing, Pukke had not even opposed the preliminary injunction. So, there was nothing he had contested and no need to test his knowledge about his since-asserted factual defenses that contest the SBE misrepresentations. (Dkt No. 177, Feb. 11, 2019.) It is unfair to permit Mr. Pukke to contest the misrepresentations he drove and yet not have his defenses tested.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should reject Mr. Pukke's attempt to prevent his properly noticed deposition.

Dated: February 14, 2019          Respectfully Submitted,

/s/ Benjamin J. Theisman
Jonathan Cohen (jcohen2@ftc.gov)
Benjamin J. Theisman (btheisman@ftc.gov)
Amanda B. Kostner (akostner@ftc.gov)
Khouryanna DiPrima (kdiprima@ftc.gov)
Federal Trade Commission
600 Pennsylvania Ave., N.W., CC-9528
Washington, DC 20580
202-326-2551 (Cohen); -2223 (Theisman); -2880 (Kostner); -2029 (DiPrima); -3197 (facsimile)

**Certificate of Service**

I, Benjamin J. Theisman, hereby certify that on February 14, 2019, I served the foregoing FEDERAL TRADE COMMISSION'S OPPOSITION TO DEFENDANT ANDRIS PUKKE'S MOTION TO QUASH NOTICE OF DEPOSITION AND FOR A PROTECTION ORDER, and all related documents through ECF and otherwise by email to the following people and entities:

David Wiechert, counsel for Rod Kazazi and entities he owns or controls, at dwiechert@aol.com;

Wayne Gross, Joshua Robbins, Peter Hardin, and J. Bradford McCullough, counsel for Angela Chittenden, Beach Bunny Holdings LLC, and Power Haus Marketing, at wgross@ggtriallaw.com; jrobbins@ggtriallaw.com; phardin@ggtriallaw.com; and jbmccullough@lerchearly.com;

Patrick Bradford, Jeffrey Newton, Stephen Farrelly, Eric Creizman, and Glenn Ivey, counsel for Andris Pukke and entities he owns or controls, at vbiondo@piercebainbridge.com; pbradford@piercebainbridge.com; jnewton@piercebainbridge.com; sfarrelly@piercebainbridge.com; ecreizman@piercebainbridge.com; and glenn@pricebenowitz.com;

Cori Ferrentino and Michael King, counsel for Brandi Greenfield and entities she owns or controls, at cori@ferrentinolaw.com and mking@wintersking.com.

Peter Baker and entities he owns or controls at peterbakerx@gmail.com;

Frank Costanzo and Deborah Connelly and entities they own or control at ecologicalfox@gmail.com;

Joseph Rillotta, counsel for John Usher, at joseph.rillotta@dbr.com;

David Barger and William Clayton, counsel for John Vipulis, at bargerd@gtlaw.com and claytonw@gtlaw.com;

Andrew Stolper, counsel for Luke Chadwick, Prodigy Management Group LLC, Belize Real Estate Affiliates LLC, Exotic Investor LLC, and Southern Belize Realty LLC, at astolper@lawfss.com;

Chip Magid and Shawn Larsen-Bright, counsel for Atlantic International Bank Ltd., at Magid.Chip@dorsey.com and Larsen.bright.shawn@dorsey.com;

Jennifer Short and Courtney Forrest, counsel for Michael Santos, at jshort@kaiserdillon.com and cforrest@kaiserdillon.com; and

Gary Caris, James E. Van Horn, and Kevin Driscoll, counsel for the Receiver, at gcaris@btlaw.com; jvanhorn@btlaw.com; and kevin.driscoll@btlaw.com.

/s/ Benjamin J. Theisman