IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**ECOLOGICAL FOX, LLC** *et al.*,<br><br>**Defendants.** | No. 18 Civ. 3309 PJM |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
PUKKE'S MOTION TO UNFREEZE ASSETS**

Defendant Andris Pukke submits this supplemental memorandum of law in support of his motion to unfreeze assets, filed on February 15, 2018 (ECF No. 207). As noted below, the Federal Trade Commission Act, based on the most recent U.S. Supreme Court precedent, does not permit financial penalties to be assessed against Mr. Pukke. It only authorizes entry of traditional equitable relief. Because this Court's asset freeze is to retain assets for purposes of ordering the penalties of restitution and/or disgorgement, and because the Act does not authorize such penalties, the asset freeze order must be immediately rescinded. In support of this position, Mr. Pukke respectfully notes as follows:

1. In his answer, Mr. Pukke raised the U.S. Supreme Court's landmark decision in *Kokesh v. SEC*, 137 S. Ct. 1635, 1642-43 (2017). *See* ECF No. 175 at 22.

2. Mr. Pukke again raised the same issues in his February 15, 2019 submissions to the Joint Pre-Hearing Order.

3. Mr. Pukke submits this supplemental memorandum of law to augment the record prior to upcoming appearances before this Court.

4. The FTC's Amended Complaint seeks equitable relief under the Federal Trade Commission Act (the "FTC Act"). *See* Amended Complaint ¶ 7.

5. The equitable relief authorized by the Federal Trade Commission Act does not permit the Court to order that Defendants, including Defendant Pukke, make any financial payments called for by the FTC's Amended Complaint, because such payments are penalties. The Supreme Court has determined that penalty payments are outside the scope of equitable relief. *Kokesh*, 137 S. Ct. at 1642-43.

6. A plain reading of Section 13(a) of the FTC Act supports the above-stated position. That provision provides in relevant part that "the Commission may seek, and after proper proof, the court may issue, a permanent *injunction*." 15 U.S.C. § 53(b) (emphasis added). An injunction either compels action or compels inaction. But an order to pay money because of the breach of a legal duty is a damages remedy. *Bowen v. Massachusetts*, 487 U.S. 879, 913-14 (1988).

7. The facts of this case support the proposition that any order requiring Defendant Pukke, or any other defendant, to pay money pursuant to the FTC Act can only be viewed as a penalty. The FTC's Amended Complaint does not allege that consumers who purchased lots at The Reserve suffered any monetary losses due a decrease in lot values. To the contrary, Defendant Pukke's expert, Professor Eric Sussman, recently visited The Reserve in Belize and interviewed local real estate brokers, among other techniques, as he has stated in his Preliminary Expert Report (ECF No. 173). Professor Sussman concludes that a one-acre lot in The Reserve is worth at least $800,000. *Id*. at 4. Therefore, based on the lot sales data included in the FTC's exhibits (*see* Declaration of Aaron Kaufman, Exhibit 350 (2012 lot sales), Exhibit 185 (2013 data), Exhibit 351 (2014 data) and Exhibit 352 (2015 data)) all lot values have increased. Where consumers have

suffered no economic harm, any ordered financial payments would assuredly be categorized as a penalty. *See Kokesh*, 137 S.Ct. at 1642 ("…a pecuniary sanction operates as a penalty only if it is sought 'for the purpose of punishment, and to deter others from offending in like manner'—as opposed to compensating a victim for his loss." *Id.* (citations omitted). Therefore, because lot owners suffered no loss for which they may be compensated, any pecuniary awards ordered by this Court here would be designed to punish and therefore would qualify as a penalty under *Kokesh*.

8. Other portions of Section 13(b) of the FTC Act support this limited reading of the equitable relief permitted by the FTC Act. The statute provides that in order to obtain injunctive relief, the FTC must believe that a person ***is violating*** or ***is about to violate*** the FTC Act. 15 U.S.C. Section 53(b)(1). Therefore, Section 13(b) authorizes a court to award relief to prevent ***ongoing*** or ***future*** harm, but not to cure unjust gains from ***past*** violations. *FTC v. Commerce Planet, Inc.*, 815 F.3d 593, 599 (9th Cir. 2016).

9. Because the current asset freeze is based on the improper assumption that a federal court is empowered to award penalties in the guise of equitable relief—which it is not—the asset freeze associated with the FTC's request for a Preliminary Injunction should be eliminated.

10. In support of this supplemental memorandum of law, Mr. Pukke respectfully refers the Court's attention to the following case law: *FTC v. AMG Capital Management, LLC*, 910 F.3d 417, 429-39 (9th Cir. 2018) (specially concurring opinions of Judge O'Scannlain and Judge Bea). Appellants in that case have indicated an intent to file a petition for rehearing *en banc* in accordance with the recommendations of Judges O'Scannlain and Bea.

## CONCLUSION

For the foregoing reasons, we respectfully request that the freeze be lifted.

Respectfully submitted,

*[signature]*

**PIERCE BAINBRIDGE BECK PRICE & HECHT LLP**

Patrick A. Bradford (admitted *pro hac vice*)
Minyao Wang (admitted *pro hac vice*)
Stephen P. Farrelly (admitted *pro hac vice*)
20 West 23rd Street, Fifth Floor
New York, New York 10010
Tel: (212) 484-9866

**PRICE BENOWITZ LLP**

Glenn F. Ivey
409 7th Street, NW #200
Washington, DC 20004
Tel: (202) 417-6000

*Attorneys for Defendant Andris Pukke*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served the foregoing Motion, and related Proposed Order, on the following people and entities by e-mail at the e-mail addresses listed:

- Jonathan Cohen, Ben Theisman, Amanda Kostner, and Khouryanna DiPrima, counsel for the Federal Trade Commission, at jcohen2@ftc.gov, btheisman@ftc.gov, akostner@ftc.gov, kdiprima@ftc.gov;
- David Wiechert, counsel for Rod Kazazi, at dwiechert@aol.com;
- Lanny Davis, Wayne Gross, and Joshua Robbins, counsel for Angela Chittenden, Beach Bunny Holdings LLC, and Power Haus Marketing, at ldavis@dggpllc.com; wgross@ggtriallaw.com; jrobbins@ggtriallaw.com; alange@dggpllc.com;
- Cori Ferrentino and Michael King, counsel for Brandi Greenfield, at cori@ferrentinolaw.com and mking@wintersking.com.
- William Rothbard, counsel for Peter Baker at Rothbard@ftcadlaw.com;
- Frank Costanzo and Deborah Connelly at ecologicalfox@gmail.com;
- Ashanti Arthurs Martin, Belizean counsel for John Usher, at ashanti@balderamosarthurs.com;
- Andrew Berg, counsel for John Vipulis, berga@gtlaw.com;
- Andrew Stolper, counsel for Luke Chadwick, Prodigy Management Group LLC, Belize Real Estate Affiliates LLC, Exotic Investor LLC, and Southern Belize Realty LLC, at astolper@lawfss.com;
- Chip Magid, counsel for Atlantic International Bank Ltd., at Magid.Chip@dorsey.com; and
- Gary Caris, counsel for the Receiver, at gcaris@btlaw.com

                                                              /s/
                                           Stephen P. Farrelly