**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>Plaintiff,<br><br>v.<br><br>ECOLOGICAL FOX, LLC, et al.<br><br>Defendants/Relief Defendants. | Civil Action No. 1:18-cv-03309-PJM |

**ATLANTIC INTERNATIONAL BANK, LTD.'S OPPOSITION
TO THE FTC'S MOTION FOR DISCOVERY ORDER LIMITING DISCOVERY
PROPOUNDED ON THE FTC**

The Federal Trade Commission's ("FTC") Motion for Discovery Order Limiting Discovery Propounded on the FTC (ECF No. 203) should be denied, at least with respect to defendant Atlantic International Bank Limited ("AIBL"). While such a limitation may or may not be appropriate with respect to the "SBE Defendants – AIBL takes no position on that issue – the Motion is certainly not appropriate to limit AIBL's ability to propound written discovery on the FTC, and should be denied with respect to AIBL.

## I. INTRODUCTION

The FTC seeks a court order that would require all 26 defendants in this matter, despite their differing interests, somehow to agree on fifty "generally-applicable" interrogatories and fifty "generally-applicable" requests for production, and would otherwise limit each defendant to five individual interrogatories and five individual document requests.

The FTC's proposal – which the FTC apparently discussed with counsel for defendant Andris Pukke but never with counsel for AIBL – would work a substantial injustice on AIBL.

AIBL stands in an entirely different position from the other defendants. The FTC alleges that the other 25 defendants were involved in a fraudulent property development scheme. AIBL, on the other hand, merely provided banking services. The FTC does not allege that AIBL was part of the allegedly fraudulent property development scheme, but only that AIBL allegedly "aided and facilitated" the other defendants by providing deposit accounts to certain defendants, loans to four lot purchasers, and receiving unspecified wire transfers. AIBL's defenses in this case are therefore quite different from the other defendants' defenses, and its topics of inquiry to the FTC are similarly quite different from those of the other defendants.

## II.     ARGUMENT

"[T]he standard for issuance of a protective order is high." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009). A party seeking a protective order must establish good cause for entry of a protective order. *See, e.g., Columbia Gas Transmission, LLC v. 252.071 Acres*, No. ELH-15-3462, 2016 U.S. Dist. LEXIS 169639, at *6 (D. Md. Dec. 8, 2016). "In order to establish good cause, a proponent may not rely upon 'stereotyped and conclusory statements,' but must present a 'particular and specific demonstration of fact,' as to why a protective order should issue." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D. Md. 2006). Broad allegations of harm are insufficient to establish good cause. *Id*. Because of the limitations they impose on parties' discovery rights, "protective orders should be sparingly used and cautiously granted." *Baron Fin. Corp.*, 240 F.R.D. at 202.

### A.     The FTC failed to demonstrate good cause to limit AIBL's discovery.

The FTC fails to demonstrate good cause to limit AIBL's written discovery. The FTC merely hypothesizes that discovery among the *other* 25 defendants – to whom the FTC refers collectively as "the Sanctuary Belize Enterprise" *might* be duplicative, citing as an example one of defendant Pukke's interrogatories seeking information on "all Lot purchases in Sanctuary

Belize. . ..″  The example doesn't provide a basis for limiting discovery as to *any* defendant – if another party propounded a similar request, the FTC could simply refer to (or cut-and-paste) its response to the previous request.  More importantly, the example demonstrates why the FTC's proposed protective order should not apply to AIBL:  AIBL had no involvement with any lot purchases – the four loans AIBL issued to persons who purchased lots at Sanctuary Belize were solely *construction* loans, made *after* the lots had been purchased – and would be far less interested than the other defendants in such a request.

The fact that there are a large number of defendants in the matter is not a valid reason for issuance of a protective order limiting discovery.  The FTC can hardly complain of being overwhelmed, since it was the FTC itself that decided to bring suit against 26 defendants.  Further, consistent with the maxim that "protective orders should be sparingly used and cautiously granted," *Baron Fin. Corp.*, 240 F.R.D. at 202, even a large disparity between the number of plaintiffs and defendants is not a sufficient basis for limiting a party's right to discovery.  *See, e.g., Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 U.S. Dist. LEXIS 80182, at *11 (D. Kan. Oct. 29, 2007).  In *Heartland*, which involved 18 defendants, the court noted that "the fact that the Defendants' have served 1,351 requests in total is not surprising given the number of Defendants involved in this litigation, the allegations of conspiracy alleged and the fact that Heartland is seeking damages of $121,548,021 jointly and severally against these defendants."  *Id.* at *12.  Although acknowledging the possibility of duplicative discovery requests, the *Heartland* court concluded that it "is not inclined to order that each defendant who served request for admission be required to review all requests by other defendants in order to possibly eliminate some duplicative request."  *Id.* at *14.

For similar reasons, the 26 defendants in this action, in which the FTC seeks $144 million

3

in "restitution," should not be required to coordinate and horse-trade among themselves solely for the FTC's convenience. This is particularly true with respect to AIBL, whose interests and defenses diverge significantly from those of other defendants.

The FTC's broad allegation that responding to discovery from multiple defendants – the FTC cannot even credibly claim that more than a fraction of the named defendants will serve *any* type of written discovery – will be burdensome is simply insufficient to justify a protective order. *See Baron Fin. Corp.*, 240 F.R.D. at 202 ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.") (quoting *Merit Industries, Inc. v. Feuer*, 201 F.R.D. 382, 384-385 (E.D. Pa. 2001)). Because the FTC cannot make the showing required for issuance of a protective order, its motion should be denied – particularly with respect to AIBL.

### B. The FTC did not confer with AIBL before filing its Motion for Protective Order.

Finally, the FTC failed to request a meet and confer with AIBL regarding its proposed motion for a protective order. Fed. R. Civ. P. 26(c) requires that a party seeking a protective order first confer or attempt to confer with "other affected parties in an effort to resolve the dispute without court action." The FTC has made no such effort, which provides further reason to deny the FTC's motion.

### III.    CONCLUSION

AIBL stands in an entirely different position from the "Sanctuary Belize Enterprise" defendants whom the FTC accuses of engaging in fraudulent telemarketing. It would be patently unfair to limit AIBL's ability to conduct discovery in this matter. Moreover, the FTC has failed to meet its burden of showing that the requested protective order is necessary in any event. Accordingly, FTC's Motion for Protective Order should be denied.

DATE:  February 25, 2019               Respectfully submitted,

                                                /s/ Creighton R. Magid
Creighton R. Magid (Bar No. 15488)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W., Suite 900
Washington, D.C.  20005
Telephone:  (202) 442-3555
Fax:  (202) 442-3199
magid.chip@dorsey.com

*Counsel for Defendant Atlantic International Bank, Ltd.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of February, 2019, a copy of the foregoing ATLANTIC INTERNATIONAL BANK, LTD.'S OPPOSITION TO THE FTC'S MOTION FOR DISCOVERY ORDER LIMITING DISCOVERY PROPOUNDED ON THE FTC was filed electronically with the Clerk of Court for the United States District Court for the Maryland using the CM/ECF system and accomplished service via the same.

                                                /s/ Creighton R. Magid
CREIGHTON R. MAGID