**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

PETER J. MESSITTE                                                                     6500 CHERRYWOOD LANE
UNITED STATES DISTRICT JUDGE                                          GREENBELT, MARYLAND   20770
                                                                                                          301-344-0632

MEMORANDUM

To:          Counsel of Record & Unrepresented Defendants & Relief Defendants

From:       Judge Peter J. Messitte

Re:          In Re Sanctuary Belize Litigation
               Civil No. PJM 18-3309

Date:       April 25, 2019

********

A preliminary injunction serves the purpose of preserving, as much as possible, the relative positions of the parties until a full exposition on the merits of the case can be had at trial. "Given this limited purpose . . . a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *G.G. ex rel. Grimm v. Gloucester Cty. Sch. Bd.*, 822 F.3d 709, 725 (4th Cir. 2016) *vacated and remanded on other grounds*, *Gloucester Cty. Sch. Bd. v. G.G. ex rel. Grimm*, 137 S.Ct. 1239 (2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). The haste that often accompanies preliminary injunction proceedings also underlies these relaxed evidentiary standards. *Id.*

In this case, in order to facilitate the expeditious flow of the preliminary injunction hearing, the Court advised the parties beforehand that it would tentatively receive all evidence prepared by the parties for the hearing, subject to written objections being filed post-hearing. Specifically, once the parties would file their exhibit lists and after other parties were given an opportunity to respond, the Court would rule on the objections after reviewing the exhibits themselves.

That said, with just one exception, the Court will **ADMIT** all exhibits previously offered, whether specifically referenced at the hearing or in the notebooks submitted at that time, subject to the caveats and explanations below.

Pursuant to this procedure, the parties submitted their exhibit lists and objections following the Preliminary Injunction Hearing held from March 11 to 22, 2019. Plaintiff FTC objects to three of Pukke's exhibits because they were never turned over to the Receiver before the hearing and based on lack of authentication. ECF No. 421. Defendant Peter Baker objects to nineteen of the FTC's exhibits, arguing that they are irrelevant and prejudicial. ECF No. 422. Defendant Atlantic International Bank, Ltd. ("AIBL") lodges objections to roughly two hundred of the FTC's exhibits, largely on grounds of hearsay, authenticity, and relevance. ECF No. 424. Defendant Andris Pukke objects to most of the FTC's nearly one thousand exhibits, largely on grounds that they lack authentication, contain hearsay, or are more prejudicial than relevant. *See generally* ECF No. 423. Finally, just a few days ago, Mr. Baker moved the Court to admit some evidence, which he claims he could not locate as of the time of the hearing. ECF No. 429.

The parties should understand that, as a general matter, the Court is likely to give less weight to evidence of a hearsay nature or which may be of less than certain authenticity than evidence that is clearly admissible. As to relevance or prejudice, the Court will consider each proffered item of evidence offered, especially to the extent that such evidence is relied on by the parties in their Proposed Findings of Fact and Law, to be filed shortly. The Court's decision to accept all exhibits into evidence for preliminary injunction purposes does <u>not</u> necessarily mean that the same exhibits will pass muster and be admitted at trial during the merits phase. *But see* Fed. R. Civ. P. 65(a)(2), (explaining that when the Court receives evidence in connection with a preliminary injunction motion that would be admissible at trial, the relaxed standards of the preliminary injunction notwithstanding, that evidence "becomes part of the trial record and need not be repeated at trial").

Taking Mr. Baker's recent filing first, the Court concludes that at this late stage the proffered evidence, which was not available for specific probing during the hearing, will not be admitted. Accordingly, Baker's Motion, ECF No. 429, is **DENIED WITHOUT PREJUDICE.** This ruling, however, does <u>not</u> preclude Baker from seeking to offer this evidence at the merits stage.

The Court selects several exhibits to illustrate its view with respect to the types of objections raised by the parties:

- The FTC objects to three documents proffered by Mr. Pukke, specifically purported financial statements apparently intended to counter the Receiver's and the FTC's experts' financial analyses. The FTC's first objection as to all three exhibits is that the Receiver testified he never received them before the hearing itself and they should therefore be stricken. Exhibits DX-AP-358 and 359, says the FTC, should be stricken as unauthentic. Finally, the FTC says that if DX-AP-383 is admitted at all, it should only be admitted in conjunction with additional explanatory documents. The Court will admit all three. To the extent the documents may be questionable or weak in their forcefulness, that will go to their weight, not their admissibility. The Court notes, of course, that at the hearing Mr. Pukke, who could have shed light on the significance of any or all of these documents, consistently pleaded the Fifth Amendment when interrogated. That fact, too, will be taken into account when weighing the import of the challenged documents.

- Mr. Baker objects to several documents from the *AmeriDebt* proceeding as well as emails discussing companies such as Sanctuary Belize, Starfish, and Dolphin Development as irrelevant. *See generally* ECF No. 422. Mr. Pukke and AIBL also object to the relevance of documents from the *AmeriDebt* proceedings. *See, e.g.*, ECF No. 423-1 at 173–74; 424-2 at 13. But the actions, including the *modus operandi* of Mr. Pukke, the principal actor in the *Ameridebt* litigation (in which the Sanctuary Belize property was also involved), have unquestionable relevance to the present case. Given the relatively low barrier to admissibility for exhibits on the basis of relevance, s*ee Minter v. Wells Fargo Bank, N.A.*, 762 F.3d 339, 349 (4th Cir. 2014), as well as the lower standards for admissibility at the preliminary injunction stage, the Court holds that these exhibits will be admitted and considered as to their weight.

- Messrs. Pukke and Baker object to the reports of FTC expert witnesses Dr. Richard Peiser and Mr. Erik Lioy as hearsay. ECF Nos. 423-1 at 2; 424-2 at 1. However, hearsay evidence is admissible for the purpose of deciding whether to grant a preliminary injunction. *See G.G.*, 822 F.2d at 725–26. The Court is not tasked at this stage with determining which measure

of damages assessed by any of the experts is correct. Both Dr. Peiser and Mr. Lioy opined that at least <u>some</u> damages would be incurred if liability is established, which, in the Court's view, suffices for purposes of considering the propriety *vel non* of a preliminary injunction. *See id.* This principle also favors admitting the Temporary Receiver's Report (PX 816), to which both Mr. Pukke and AIBL object as hearsay. ECF No. 423-1 at 227; ECF No. 424-2 at 17.

- Mr. Pukke and AIBL object to FTC exhibit PX 794, an email dated October 2, 2014 to AIBL employee Mr. Charles Ellis containing a link to a blog post alleging financial misconduct at the Sanctuary Belize development. Mr. Pukke objects on relevance and hearsay grounds, ECF No. 423-1 at 219, while AIBL objects on relevance and prejudice grounds. ECF No. 424-2 at 17. But the involvement of AIBL in the marketing transactions of Sanctuary Belize is a central issue in the case, and Mr. Ellis' responses during the hearing about what role AIBL and he in particular had in marketing properties for Sanctuary Belize (including whether he and others at AIBL took note of or refused to take note of negative reports about goings on at Sanctuary Belize) certainly bear on this. As noted, the Court will treat objections based on relevance and hearsay as going to weight, not admissibility. Accordingly, given the presumption that admissible evidence should be excluded only rarely if its prejudicial effect substantially outweighs its probative value, *see PBM Products, LLC v. Mead Johnson & Co.*, 639 F.3d 111, 124–25 (4th Cir. 2011), the Court declines to exclude PX 794 on the basis of Rule 403.

- Mr. Pukke also objects generally to declarations submitted by various FTC employees (e.g., PX 254, 876) and asks the Court not to accept any conclusions stated therein. He argues, for example, that the Court should not consider conclusions stated by FTC paralegals in these declarations grouping certain evidence or their relevance according to specific issues. *See, e.g.*, ECF No. 423-1 at 72, 240. As the Court stated during the preliminary injunction hearing, however, alleged conclusions or opinions in the FTC employee declarations about the relevance of documents attached to the declarations appear to have been made simply for purposes of organizing the documents. As the Court further stated, the conclusions of the paralegals as to the significance of the documents will have "no influence . . . at all" on the Court's ruling related to the preliminary injunction. *See* ECF No. 340 at 30:7–20. The Court will determine the significance of each of the documents based on a direct review of the documents themselves.

- Mr. Pukke also objects to declarations submitted by FTC consumer witnesses as hearsay, especially if any of those witnesses also testified in person at the preliminary injunction hearing. *See, e.g.*, ECF No. 423-1 at 46–47 (objecting to PX 184, Declaration of Michael Doran). But the fact that some FTC witnesses may have both submitted written declarations and testified orally at the hearing does not go to the issue of admissibility, so much as to the issue of duplicativeness. That fact alone does not suffice to preclude the written declarations from consideration. It is clear that some of the written declarations contain averments that were not explored at the hearing, whereas certain testimony of the declarants at the hearing was not covered in the declarations. The oral testimony may be of considerable relevance, e.g., the extent of the consumer's knowledge of Mr. Pukke's involvement with Sanctuary Belize and how that fact might affect the substance of his or her views. In sum, the Court will examine both the written declarations, as well as the witnesses' oral testimony, in judging the propriety of issuing a preliminary injunction.

Finally, the Court notes that the volume of evidence presented in this case is far greater than the evidence that was actually referenced in the preliminary injunction hearing. The FTC compiled roughly one thousand exhibits for the hearing. But by the Court's count, during the hearing the FTC appears to have relied on less than 10% of those exhibits. This may change, of course, depending on the Proposed Findings of Fact and Law to be submitted by the FTC, or indeed by any of the parties. But the magnitude of the exhibits is no basis for excluding them at this point. At the merits trial, the Court anticipates that all parties will be judicious in narrowing down the number of exhibits they present, so that not only will the trial avoid being interminable; the trier of fact will be better able to focus on the truly critical aspects of the case.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.


/s/
Peter J. Messitte
United States District Judge


cc:     Court File