IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| *IN re* **SANCTUARY BELIZE** **LITIGATION** | Civil No. **PJM 18-3309** |

## MEMORANDUM OPINION

Defendant Michael Santos has moved to dismiss the Federal Trade Commission's ("FTC") Amended Complaint (ECF No. 114) for failure to state a claim, ECF No. 322, which the FTC opposes. ECF No. 381. For the following reasons, the Court will **DENY** Santos's Motion.

### I. Factual and Procedural History

The FTC first named Santos as a defendant in its Amended Complaint filed on January 15, 2019. Amended Complaint ("AC") at ¶ 29, ECF No. 114. Santos has allegedly worked as the Director of Communications for Defendant Global Property Alliance, Inc. ("GPA") and as the Director of Business Development for Defendants GPA, Buy Belize, LLC ("Buy Belize"), and Buy International, Inc. ("Buy International"). AC at ¶ 29. Co-Defendant Andris Pukke allegedly controlled these three corporate Defendants, which purportedly marketed lots and tours of those lots located at the real estate development known as "Sanctuary Belize." *Id.* at ¶¶ 8, 11, 13–14. Santos became acquainted with Pukke while both were imprisoned, and after Santos was released from custody, Pukke purportedly offered him a position with GPA. ECF No. 322-1 at 2–3. In his positions at GPA, Buy Belize, and Buy International, Santos is alleged to have

1

"formulated, controlled, had the authority to control, or participated in" the allegedly deceptive marketing scheme that promoted Sanctuary Belize lots and tours, notably by making videos promoting the Sanctuary Belize development to potential consumers. AC at ¶ 29. In the Amended Complaint, the FTC charges Santos with one Count of violating the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a), by reason of allegedly deceptive marketing practices, as well as two Counts of violating the Telemarketing Sales Rule ("TSR"), 16 C.F.R. § 310.3(b), based on misrepresentations and misleading investment opportunities. AC at ¶¶ 110–127.

Santos stipulated to the entry of a Preliminary Injunction with the FTC that the Court approved on February 9, 2019. ECF No. 164. He filed his Motion to Dismiss on March 18, 2019, pursuant to the terms of the Stipulated Preliminary Injunction. ECF No. 322. The FTC filed its Opposition on April 1, 2019, ECF No. 381, and Santos filed his Reply on April 15, 2019. ECF No. 417.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards" that require a plaintiff to submit only a "short and plain statement of the claim showing that [he] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). The plaintiff's statement must contain facts sufficient to "state a claim to relief that is plausible on its face" in order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility standard requires that the plaintiff plead facts sufficient to show by "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although, for purposes of judging a motion to dismiss, a court will accept the plaintiff's factual allegations as true,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments" do not satisfy the plausibility pleading standard. *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). The complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

*Twombly* states that while the pleadings need not contain "detailed factual allegations," they must contain must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 550 U.S. at 555. *Iqbal* refined the heightened pleading standard of *Twombly*, advising that "the plausibility standard is not akin to a 'probability requirement,'" and that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at 678.

### III. Analysis

An individual may be found liable under the FTC Act if he "(1) participated directly in the deceptive practices *or* had authority to control those practices, and (2) had or should have had knowledge of the deceptive practices. The second prong of the analysis may be established by showing that the individual had actual knowledge of the deceptive conduct, was recklessly indifferent to its deceptiveness, or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth." *F.T.C. v. Ross*, 743 F.3d 886, 892 (4th Cir. 2014). The standard for individual liability under the TSR is the same as the standard for individual liability under the FTC Act. *See, e.g.*, *F.T.C. v. WV Universal Mgmt., LLC*, 877 F.3d 1234, 1240 (11th

Cir. 2017) (holding that "by violating the TSR, [the defendant] violated the FTC Act and is subject to its penalties.").

As to the first prong of the liability test, the core allegations in the Amended Complaint against Santos are that he directly participated in the allegedly deceptive Sanctuary Belize marketing scheme. AC at ¶ 29. As the FTC frames it, in that scheme the SBE Defendants allegedly enticed consumers to tour the Sanctuary Belize development and purchase lots there by claiming (a) that Sanctuary Belize would be constructed on a "no debt" model in which all money from lot sales would be reinvested in development, (b) that the development would be completed within two to five years, (c) that the finished development would include luxurious amenities such as a hospital, golf course, marina village, and airport, and (d) that lots in the development would double or triple in value within two to three years. *Id.* at ¶¶ 110–114; 122–127. Santos allegedly promoted these claims directly to consumers, for example, "through various marketing videos." *Id.* at ¶ 29. He also allegedly "formulated, controlled, [and] had the authority to control" other employees engaged in marketing Sanctuary Belize in his capacity as Director of Communications for GPA and as Director of Business Development for GPA, Buy Belize, and Buy International. *Id.*

These allegations clearly suffice to state a plausible claim that Santos directly participated in or had the authority to control the allegedly deceptive marketing practices at the heart of the Amended Complaint. Whether or not, as Santos claims, there is insufficient evidence of his authority <u>to control</u> Sanctuary Belize's marketing efforts, by appearing in videos promoting the development, at a minimum there are plausible allegations that he "participated directly" in the allegedly deceptive practices. *Cf. F.T.C. v. Stefanchik*, 559 F.3d 924, 930–31 (9th Cir. 2009) (holding a director of a corporation liable for participating in a deceptive marketing scheme

4

where, among other allegations, his "picture and signature appeared on much of the marketing materials"). Merely because there are other cases in which the FTC may have made allegations against a defendant more detailed than those it makes against Santos in the present case, *see* ECF No. 322-1 at 11–13, it does not follow that the allegations it does make against Santos in the Amended Complaint fail to satisfy the plausibility standard.

The second prong of the liability test depends on whether Santos "had actual knowledge of the deceptive conduct, was recklessly indifferent to its deceptiveness, or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth." *Ross*, 743 F.3d at 892. To be sure, "the degree of participation in business affairs is probative of knowledge." *F.T.C. v. Innovative Mktg., Inc.*, 654 F. Supp. 2d 378, 387 (D. Md. 2009) (quoting *F.T.C. v. Amy Travel Serv., Inc.*, 875 F.2d 564, 574 (7th Cir. 1989)) (internal quotation marks omitted).

At this stage in the proceedings, it would clearly be plausible to infer that Santos knew or should have known of Sanctuary Belize's allegedly deceptive marketing practices, given his involvement with GPA, Buy Belize, and Buy International. From all that appears, Santos may well have extensively participated in the business affairs of the three entities that marketed Sanctuary Belize to consumers, since he served as Director of Communications for one and as Director of Business Development for all three, senior positions presumably requiring significant involvement in their marketing efforts. At the very least, Santos would have had to be familiar with the progress of the Sanctuary Belize development as part of his job responsibilities, so that he could have a reasonable basis for the representations he was supposedly making to consumers. At the same time, if it is determined that Santos was not aware of the state of affairs at Sanctuary Belize while he was actively promoting the development through marketing videos or through his responsibilities at GPA, Buy Belize, and Buy International, then the FTC could

plausibly claim that Santos was recklessly indifferent to the truthfulness of the marketing claims he made.

There are more than sufficient allegations in the Amended Complaint to sustain plausible claims that Santos violated both the FTC Act and the TSR.[1]

## IV. Conclusion

For the foregoing reasons, the Court will **DENY** Santos's Motion to Dismiss, ECF No. 322.

A separate Order will **ISSUE**.

**April 29, 2019**

                                                    /s/
                                  **PETER J. MESSITTE**
                          **UNITED STATES DISTRICT JUDGE**

---

[1] Santos also argues that the Court should dismiss the claims against him because the FTC has failed to allege that he received any personal benefit from the allegedly deceptive practices involving the marketing of Sanctuary Belize. ECF No. 322-1 at 14–15. However, to support a finding of liability, the FTC need only show that consumers suffered a loss as a result of deceptive practices allegedly committed by Santos, not that he was unjustly enriched. *See, e.g.*, *F.T.C. v. Ross*, 897 F. Supp. 2d 369, 388 (D. Md. 2012), *aff'd* 743 F.3d 886 (4th Cir. 2014) ("It is well established that once a defendant is found to be individually liable for a corporate defendant's deceptive acts, he or she is jointly and severally liable for the total amount of consumer redress.").