# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| *IN re* **SANCTUARY BELIZE LITIGATION** | Civil No. **PJM 18-3309** |

## MEMORANDUM OPINION

Defendant Luke Chadwick has moved to dismiss the Federal Trade Commission's ("FTC") Amended Complaint (ECF No. 114) for lack of personal jurisdiction and lack of subject matter jurisdiction, and alternatively, for failure to state a claim. ECF No. 475. The FTC opposes the motion. ECF No. 490. The Court denied Chadwick's Motion to Dismiss for Lack of Personal Jurisdiction in an earlier opinion. ECF No. 539. However, the Court deferred ruling on Chadwick's Motion to Dismiss for Lack of Subject Matter Jurisdiction and alternatively, for Failure to State a Claim, until now. For the following reasons, the Court will **DENY** Chadwick's Motion to Dismiss for Lack of Subject Matter Jurisdiction and his alternate Motion to Dismiss for Failure to State a Claim.

The FTC alleges Chadwick is or has been the public face of the Sanctuary Belize Enterprise ("SBE") in many marketing materials and a self-proclaimed "principal" of Sanctuary Belize. Amended Complaint at ¶ 20, ECF No. 114. As such, Chadwick has allegedly interacted with consumers on SBE's behalf, including participating in sales tours of Sanctuary Belize and conducting webinars. *Id.* Among other allegations, the FTC alleges that Chadwick owns Exotic

Investor, LLC ("Exotic"), a limited liability company organized under the laws of St. Kitts and Nevis which has allegedly advertised, marketed, distributed, or sold SBE's real estate investments and related services. *Id.* at ¶ 31.

In seeking to dismiss the suit as to him on subject matter jurisdiction grounds, Chadwick cites Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), which "only authorizes the FTC to bring a suit for injunctive relief in federal court when the defendant 'is violating, or is about to violate the law.'" ECF No. 475 (citing 15 U.S.C. § 53(b)). Chadwick argues that because his alleged conduct at issue occurred solely in the past, the Court lacks subject matter jurisdiction to hear any claim against him at this time. The Court disagrees.

The FTC has brought claims against Chadwick pursuant to the FTC Act, which is a federal statute. Thus, the Court has jurisdiction because "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Chadwick's case authority does not convince otherwise. He cites *FTC v. Shire ViroPharma, Inc.*, but *Shire* states that "[w]hether a person is violating, or is about to violate the law relates to the merits of a Section 13(b) claim, and does not indicate that Congress intended to strip district courts of their authority to resolve the FTC's claim." 917 F.3d 147, 154 (3d Cir. 2019).

Alternatively, Chadwick seeks to dismiss for failure to state a claim. He argues that the FTC has insufficiently pled present or future conduct that would allow the Court to draw the reasonable inference that Chadwick is violating or about to violate the FTC Act.

The Court does not need to decide whether the FTC Act extends to past conduct, since it finds that the FTC has sufficiently pled present or future conduct. To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the FTC need only "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The plausibility

2

standard requires that the plaintiff plead facts sufficient to show by "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is true that, whereas for purposes of judging a motion to dismiss, a court will accept the plaintiff's factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

But Court has already set out the standard for liability under the FTC Act in its Opinion denying Defendant Michael Santos's Motion to Dismiss.[1] ECF No. 434. In addition to the allegations described above, the FTC submits that Chadwick currently "has formulated, directed, controlled, had the authority control, or participated in the acts and practices set forth in this Complaint. Amended Complaint. at ¶ 20. This sufficiently pleads present or future conduct.

Moreover, Chadwick may be liable for restitution, refund, disgorgement or other forms of redress to consumers. The FTC has alleged that his violations of the FTC Act have led to current consumer harm and unjust enrichment. Amended Complaint. at ¶ 134. If proven, the Court would be authorized to order redress under the FTC Act. *See FTC. v. Ross*, 743 F.3d 886, 890 (4th Cir. 2014) (holding "the Supreme Court has long held that Congress' invocation of the federal district court's equitable jurisdiction brings with it the full 'power to decide all relevant matters in dispute and to award complete relief even though the decree includes that which might be conferred by a court of law'" (quoting *Porter v. Warner Holding Co.*, 328 U.S. 395, 399 (1946))).

---

[1] As discussed in its Opinion denying Santos's Motion to Dismiss, ECF No. 434, an individual may be found liable under the FTC Act if he "(1) participated directly in the deceptive practices or had authority to control those practices, and (2) had or should have had knowledge of the deceptive practices. The second prong of the analysis may be established by showing that the individual had actual knowledge of the deceptive conduct, was recklessly indifferent to its deceptiveness, or had an awareness of a high probability of deceptiveness and intentionally avoided learning the truth." *FTC v. Ross*, 743 F.3d 886, 892 (4th Cir. 2014).

For the foregoing reasons, the Court **DENIES** Chadwick's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 475, and his alternate Motion to Dismiss for Failure to State a Claim, ECF No. 475.

A separate Order will **ISSUE**.

**September 5, 2019**

/s/
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**