# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  | |  |
|---|---|---|
| | * | |
| | * | |
| | * | |
| | * | |
| *IN re* SANCTUARY BELIZE | * | |
| LITIGATION | * | Civil No. **PJM 18-3309** |
| | * | |
| | * | |
| | * | |
| | * | |

## MEMORANDUM OPINION

The Federal Trade Commission ("FTC") has filed a Motion for Clerk's Entry of Default against Defendants John Usher, Global Property Alliance Inc., Sittee River Wildlife Reserve, Buy Belize LLC, Buy International Inc., Foundation Development Management Inc., Eco Futures Development, Eco-Futures Belize Limited, Newport Land Group LLC, Power Haus Marketing, Prodigy Management Group LLC, Belize Real Estate Affiliates LLC, Exotic Investor LLC, Southern Belize Realty LLC, Sanctuary Belize Property Owners' Association, and The Estate of John Pukke. ECF No. 741. *Pro se* Defendants Andris Pukke, Peter Baker, and Luke Chadwick have responded, suggesting that they in fact represent one or more of these entities.[1] The FTC has Replied. ECF Nos. 761 and 770.

---

[1] Pukke apparently did not serve the FTC with a copy of his response such that the Court has granted the FTC leave to file a second Reply in order to respond to Pukke's filing. The Court, once again, advises Pukke that he must serve the FTC with a copy of his filings and that he must do so at the same time he serves everyone else. From this point forward, Pukke is cautioned: Failure to serve the FTC with copies of his filings as directed herein will result in the disregard of his filings by the Court. The Court also notes that many of Pukke's recent filings have not been timely received by the Clerk's Office and also forewarns Pukke that failure to mail a copy of his filings to the Clerk's Office may also result in the disregard of the filings by the Court.

Chadwick argues that he, as an individual, should be able to represent certain corporate entities because the asset freeze has made it difficult for him to hire counsel for these entities. This request comes very late in the day, just a few short weeks before trial. Moreover, Chadwick has been represented by counsel during the better part of these proceedings. When he had counsel, neither he nor they ever attempted to file a motion on behalf of the entities he now

For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** the FTC's Motion.

The law is clear: It "permits corporations…and other artificial entities…to appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 195 (1993); *see also In re Under Seal*, 749 F.3d 276, 290 (4th Cir. 2014) (citing *Rowland*); *see also Ashley–Cooper Sales Servs., Inc. v. Brentwood Mfg. Co.*, 168 F.Supp. 742, 745 (D. Md.1958) (stating "the Federal courts, including the Supreme Court and the Fourth Circuit Court of Appeals, have held that a corporation cannot appear in court in proper person, but must appear by attorney authorized to practice before the court."). Though there is a right of individuals to appear *pro se* on behalf of themselves in civil cases, *see* 28 U.S.C. § 1654, and in criminal cases, *see Faretta v. California*, 422 U.S. 806 (1975), "[t]he right to litigate for oneself, however, does not create a coordinate right to litigate for others," *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). The rationale is that this "protects the rights of those before the court… and jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Id.* To expand on the first point, allowing a *pro se* individual – a non-attorney no less – to appear for a corporate or other entity may seriously compromise the interests of the corporation or entity. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (stating "we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others"). The Local Rules of this Court hammer home this point, reaffirming that "Individuals who are parties in civil cases may only represent themselves." LAR 101.1(a).

---

seeks to represent to release funds on behalf of those entities so that they might engage counsel. Nor did they ever seek to file dispositive motions on behalf of the entities.

In his response, Pukke also asks that the Court reconsider its decision denying him access to Receivership funds, ECF No. 696. The Court **DENIES** Pukke's Motion for Reconsideration. The Court will separately consider the FTC's proposed course of action in ECF No. 770.

Accordingly, *pro se* Defendants may not appear in this proceeding on behalf of the non-responding Corporate Defendants.[2] The Court also notes that all three *pro se* Defendants were represented by counsel at some point in the proceedings, but did not make any filings on this issue or raise this issue with the Court previously.

The law is somewhat less clear as to whether Pukke is authorized to represent the Estate of John Pukke as the Executor of the Estate. The Fourth Circuit has not directly addressed the issue but other Circuits and District Courts within the Fourth Circuit have stated that an estate may be represented by a *pro se* individual who is the executor or personal representative of the estate if the individual is the sole beneficiary and the estate has no creditors. *See Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2003); *Pridgen v. Andresen*, 113 F.3d 391, 393 (2nd Cir. 1997); *McAdoo v. United States*, 2014 WL 359043, at *1 (W.D.N.C. Feb. 3, 2014). The Fourth Circuit has hinted that it agrees. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659 (4th Cir. 2004). Thus, if Pukke can show the Court he is the Executor of his father's Estate and the sole beneficiary of the Estate and that the Estate has no creditors, the Court will permit him to represent the Estate.[3] Pukke will need to file a copy of his appointment as Executor.

With respect to the non-responding Corporate Defendants and John Usher, the Court notes that these Defendants were duly served with process in this case and have not in any way participated in the proceedings. Since the *pro se* Defendants may not represent the non-responding Corporate Defendants, there is no reason why the Clerk should not enter Defaults against them.

---

[2] In emails and filings, the *pro se* Defendants make several assertions that misconstrue the law and the meaning of a Clerk's Entry of Default against these non-responding Corporate Defendants. The Court notes that a Clerk's Entry of Default is not equivalent to a Default Judgment. It merely precludes them from contesting liability and may be set aside for good cause. *See* Fed. R. Civ. P. 55(b). The issue of damages remains to be proven. *Id.*

[3] If, as the FTC claims, the Estate of John Pukke does have a creditor, Pukke will not be allowed to represent the Estate.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the FTC's Motion for a Clerk's Entry of Default. The Court will direct the Clerk of the Court to **ENTER DEFAULTS** against the non-responding Corporate Defendants and John Usher individually. Pukke must submit to the Court within ten (10) days an official document showing that he is the Executor of the Estate of John Pukke and a sworn statement that he is the sole beneficiary of said Estate and that the Estate does not have any creditors. For now, the Court directs the Clerk to not enter default against the Estate of John Pukke, but it will be prepared to do so if Pukke fails to comply with the Court's directives.

A separate Order will **ISSUE**.

**January 3, 2020**

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE