**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

*In re* SANCTUARY BELIZE LITIGATION        No:   18-cv-3309-PJM

**STIPULATED ORDER FOR FINAL JUDGMENT AGAINST RELIEF DEFENDANTS
ANGELA CHITTENDEN AND BEACH BUNNY HOLDINGS LLC**

Plaintiff the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b), and the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108. On January 11, 2018, the Court granted the FTC's motion to amend, substituting the Amended Complaint for Permanent Injunction and Other Equitable Relief ("Amended Complaint") for the Complaint.   Relief Defendants Angel Chittenden and Beach Bunny Holdings LLC were served with the Complaint and summons, and then subsequently served with the Amended Complaint. The Commission and Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC stipulate to the entry of this Stipulated Order for Final Judgment Against Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC ("Order") to resolve all matters in dispute between them in this action and the related *FTC v. AmeriDebt Inc.*, No. 03-cv-3317 (D. Md.) ("*AmeriDebt*").

**IT IS THEREFORE ORDERED:**

**FINDINGS**

1.        This Court has jurisdiction over this matter.

2.        The Amended Complaint charges that Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC received funds and other Assets obtained from consumers as a

result of the Individual and Corporate Defendants' deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, as well as violations of the Telemarketing Sales Rule, 16 C.F.R. Part 310, in connection with the sale of lots in a development in Belize known variously as Sanctuary Bay, Sanctuary Belize, and The Reserve (for ease, "Sanctuary Belize").

3. Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC neither admit nor deny any of the allegations in the Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC admit the facts necessary to establish jurisdiction.

4. Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC waive any claims they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

5. Relief Defendants Angela Chittenden and Beach Bunny Holdings LLC waive all rights to appeal or otherwise challenge or contest the validity of this Order.

6. Relief Defendant Angela Chittenden has previously transferred one hundred fifty thousand dollars ($150,000) to the Receiver in this case, Robb Evans & Associates LLC.

7. Relief Defendant Beach Bunny Holdings LLC has also previously transferred one hundred fifteen thousand dollars ($115,000) to the Receiver in this case, Robb Evans & Associates LLC.

## DEFINITIONS

A. **"Asset"** means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, whether tangible, intangible, digital, or otherwise, including, but not limited to, digital currencies, virtual currencies, digital tokens, and cryptocurrencies.

2

B.      "**Corporate Defendant(s)**" means Global Property Alliance, Inc., Sittee River Wildlife Reserve, Buy Belize, LLC, Buy International, Inc., Foundation Development Management, Inc., Eco-Futures Development, Eco-Futures Belize Limited, Power Haus Marketing, Sanctuary Belize Property Owners' Association, Prodigy Management Group LLC, Foundation Partners, BG Marketing, LLC, Ecological Fox, LLC, Belize Real Estate Affiliates LLC, Exotic Investor LLC, Southern Belize Realty LLC, Newport Land Group LLC, and Atlantic International Bank Ltd. and each of their subsidiaries, affiliates, successors, and assigns.

C.      "**Defendant(s)**" means the Corporate Defendants, Individual Defendants, and Relief Defendants, individually, collectively, or in any combination.

D.      "**Individual Defendant(s)**" means Andris Pukke, Peter Baker, Luke Chadwick, John Usher, Rod Kazazi, Brandi Greenfield, Frank Costanzo, and Michael Santos, individually, collectively, or in any combination.

E.      "**Receiver**" means the Receiver appointed in Section II of this Order and any deputy receivers who shall be named by the Receiver.

F.      **"Receivership Asset"** means any and all Assets ordered to be turned over to the Receiver pursuant to this Order.

G.      "**Receivership Entities**" means the Corporate Defendants (except Atlantic International Bank, Ltd.), 2729 Bristol LLC, and 3905 Marcus LLC, as well as any other entity that: (1) is located at, registered to, or operated from 3333 Michelson Drive, Suite 500, Irvine, California, and assists, facilitates, or otherwise conducts business related to the sale of real estate in Belize; (2) assists, facilitates, or otherwise conducts business related to the acts identified in the Findings of Fact in this Order, and is owned or controlled by any Defendant; or (3) Assets that are otherwise in the Receivership and that are corporations or other legal entities.

H.      **"Relief Defendant(s)"** means Angela Chittenden, Beach Bunny Holdings LLC, the Estate of John Pukke, John Vipulis, and Deborah Connelly.

3

   I.  **"Settling Relief Defendant(s)"** means Angela Chittenden and Beach Bunny Holdings LLC, individually, collectively, or in any combination, and any subsidiaries, affiliates, successors, and assigns.

   J.  "**Telemarketing**" means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

## ORDER

### I. MONETARY PROVISIONS

IT IS ORDERED that:

   A.  Settling Relief Defendants shall relinquish any rights to the funds they have already transferred to the Receiver. This includes: (1) the one hundred fifty thousand dollars ($150,000) that Settling Relief Defendant Angela Chittenden has previously transferred to the Receiver and (2) the one hundred fifteen thousand dollars ($115,000) that Settling Relief Defendant Beach Bunny Holdings LLC has previously transferred to the Receiver.

   B.  Settling Relief Defendants and the AAC Family HYCET Trust shall, if they have not already, within fourteen (14) days of entry of this Order turn over or otherwise relinquish to the Receiver any and all rights they may have in, including investments in or related to, or rights to payment from:

     a.  The real estate located at 104 Kings Place, Newport Beach, CA 92663.

     b.  The real estate located at 1833 Port Barmouth Place, Newport Beach, CA 92660. This real estate has been previously sold by the Receiver, with the Court's approval. *See, e.g.,* DE 464 (order approving sale). Nothing in this Order modifies or affects those prior orders. Rather, this Order clarifies that neither the Settling Relief Defendants nor the AAC Family

       HYCET Trust have any continuing rights or claims, of any sort, to or against this real estate.

   c. Any Individual Defendant.

   d. Any Receivership Entity.

   e. Pandora Marketing, including d/b/a Timeshare Compliance.

   f. Chivalry Inc.

   g. Outsource.com.

   h. Attorney.com.

   i. Remote.com.

   j. Attorney.com.

  C. In addition to the forgoing transfers and relinquishments, the Settling Relief Defendants shall turn over to either the Receiver or the FTC (the recipient to be chosen by the FTC) any Asset derived from the Individual Defendants', Corporate Defendants', or Receivership Entities' conduct in any way related to the sale of real estate prior to November 7, 2018. Additionally, if the Settling Relief Defendants come into possession, custody, or control of Asset(s) in the name of, or otherwise derived from the conduct of, any other Defendant in this litigation who has, now or in the future, a monetary judgement or order to turn over Asset(s) to the Receiver or the FTC, they shall turn over such Asset(s) to the Receiver or the FTC. The Settling Relief Defendants shall turn over such Assets pursuant to this paragraph immediately upon identifying such Assets. If the Receiver or FTC identify such Assets and provide a written request for those Assets to be turned over either to the Receiver or the FTC, the Settling Relief Defendants shall turn over such Assets within fourteen (14) days of the written request from either the Receiver or the FTC. Nothing in this paragraph prevents the Settling Relief Defendants from seeking clarification from the Court after receiving such notice or objecting to the transfer of such additional Assets. However, if the Settling Relief Defendants desire such

clarification or object to such a transfer, they must file a motion with the Court seeking clarification of or objecting to the transfer of the Asset(s) within fourteen (14) days of the written notice from the Receiver or FTC.

      D.      Settling Relief Defendants and AAC Family HYCET Trust relinquish dominion and all legal and equitable right, title, and interest in all Assets paid, transferred, assigned, or relinquished pursuant to this Order and may not seek the return of any Assets.

      E.      The Settling Relief Defendants and AAC Family HYCET Trust shall cooperate with the Receiver and the FTC to complete such transfers of Assets. The Settling Relief Defendants and AAC Family HYCET Trust shall take such additional steps to cooperate with the Receiver or FTC within fourteen (14) days of a written request for such cooperation made by a representative of either the Receiver or the FTC.

      F.      For purposes of the foregoing paragraphs, and otherwise in this Order, the AAC Family HYCET Trust is joining in the stipulation of this Order notwithstanding that it is not a formal party to this litigation. The AAC Family HYCET Trust is stipulating to this Order through the authorized signatures of its trustee and counsel. The AAC Family HYCET Trust, through its stipulation and signatures, represents to the parties, the Receiver, and to the Court that it has the authority to enter into this stipulation and that the trustees signing this Order have the authority to sign this order and so bind the AAC Family HYCET Trust.

      G.      The facts alleged in the Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or transfer of Assets pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

      H.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I. Settling Relief Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Settling Relief Defendants previously submitted to the Commission, may be used for collecting and reporting on any delinquent amounts arising out of this Order, in accordance with 31 U.S.C. §7701.

J. All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

## II.   RECEIVER

IT IS FURTHER ORDERED that Robb Evans & Associates LLC is appointed as Receiver for all Assets ordered to be turned over to the Receiver pursuant to this Order.   It shall have full powers of an equity receiver.   The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## III.   DUTIES AND AUTHORITY OF RECEIVER

IT IS FURTHER ORDERED that the Receiver is directed and authorized to accomplish the following:

A. Take exclusive control, custody, and possession of all Receivership Assets.

B. Conserve, hold, manage, and prevent the loss of all Receivership Assets, and perform all acts necessary or advisable to preserve the value of those Assets.   The Receiver shall

7

assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Settling Relief Defendants as a result of the Receivership Assets. The Receiver shall have full power to sue for, collect, and receive, all Receivership Assets. *Provided, however*, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt has resulted from deceptive acts or practices or other violations of law, without prior Court approval;

   C. Liquidate, through fair market sales or similar transactions, all Receivership Assets, following a motion and order from the Court approving the sale or liquidation. The Receiver shall take steps to ensure that the full fair market value of any Asset is obtained by the receivership estate in any sale or liquidation.

   D. The Receiver shall make periodic disbursements to the Commission of any liquidated Assets and, upon the liquidation of all Receivership Assets, disburse all proceeds to the Commission, less its Court-approved fees and expenses.

   E. Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

   F. Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred, except payments that the Receiver deems necessary or advisable to secure Receivership Assets, such as rental payments;

   G. Enter into and cancel contracts and purchase insurance as advisable or necessary;

   H. Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with Settling Relief Defendants and the Receivership Entities;

   I. Make an accounting, as soon as practicable, of the Receivership Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

   J. Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal, or foreign courts, or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Receivership Assets, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

   K. Demand from any person or entity documents and records pertaining to the Receivership Assets within three (3) days after delivery of the Order by mail, courier, email, or other method by which the recipient receives a copy of this Order, in addition to obtaining discovery pursuant to the Federal Rules of Civil Procedure, including subpoenas seeking documents and/or testimony under Rule 45;

   L. Open one or more bank accounts at designated depositories for funds of the receivership estate.  The Receiver shall deposit all funds of the receivership estate in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts.  The Receiver shall serve copies of monthly account statements on all parties;

   M. Maintain accurate records of all receipts and expenditures incurred as Receiver;

   N. Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

O.  Suspend business operations of any entity that is a Receivership Asset if in the judgment of the Receiver such operations cannot be continued legally and profitably; and

P.  If in the Receiver's judgment the business operations of any Receivership Asset cannot be continued legally and profitably, take all steps necessary to ensure that any of the web pages or websites relating to the activities of the Receivership Asset cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Asset cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## IV.  STAY OF ACTIONS

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants and Relief Defendants and their officers, agents, employees, attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking any action that would interfere with the exclusive jurisdiction of this Court over the Assets within the receivership, including, but not limited to:

A.  Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of any entity that is a Receivership Asset;

B.  Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against any of the Receivership Assets or otherwise seeking an interest in any of

10

the Receivership Assets, including the issuance or employment of process, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

        C.      Filing or enforcing any lien on any Receivership Asset, taking or attempting to take possession, custody, or control of any Receivership Asset; or attempting to foreclose, forfeit, alter, or terminate any interest in any Receivership Asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise.

*Provided*, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## V.    COMPENSATION OF RECEIVER

IT IS FURTHER ORDERED that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the receivership estate. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## VI. RECEIVERSHIP TERMINATION

IT IS FURTHER ORDERED that the Receiver must complete all duties within 270 days after entry of this Order, but any party or the Receiver may request that the Court extend that Receiver's term for good cause.

## VII. COOPERATION

IT IS FURTHER ORDERED that Settling Relief Defendants must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Relief Defendants must provide truthful and complete information, evidence, and testimony. Settling Relief Defendants must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VIII. ORDER ACKNOWLEDGMENT

IT IS FURTHER ORDERED that each Settling Relief Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

## IX. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring each Settling Relief Defendant's compliance with this Order, including any failure to transfer any Assets as required by this Order or otherwise to collect on the judgment entered in this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission each Settling Relief Defendant must: submit compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery,

without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

      B.      For matters concerning this Order, the Commission is authorized to communicate directly with each Settling Relief Defendant.  Each Settling Relief Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any entity either Settling Relief Defendant owns or controls, directly or indirectly, who has agreed to such an interview.  The person interviewed may have counsel present.

      C.      The Commission may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to communicate with Settling Relief Defendants or any individual or entity affiliated with Settling Relief Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

      D.      Upon written request from a representative of the Commission, any consumer reporting agency must furnish consumer reports concerning Settling Relief Defendant Angela Chittenden pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1)

## X.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED**, this _____ day of _____, 2020.

 

                                                                     _____
                                                                     UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

FOR THE FEDERAL TRADE COMMISSION

_/s/ Jonathan Cohen_             1/10/2020

Jonathan Cohen (jcohen2@ftc.gov)    Date
Benjamin J. Theisman (btheisman@ftc.gov)
Christopher J. Erickson (cerickson@ftc.gov)
Federal Trade Commission
600 Pennsylvania Ave., N.W., CC-9528
Washington, DC 20580
202-326-2551 (Cohen); -2223 (Theisman);
-3671 (Erickson); -3197 (facsimile)

FOR RELIEF DEFENDANT ANGELA CHITTENDEN:

_/s/ A. Chittenden_          12/19/2019

Angela Chittenden, Individually    Date

_/s/_          12/19/2019

Joshua M. Robbins, pro hac vice    Date
Peter P. Hardin, pro hac vice
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Counsel for Relief Defendant Angela Chittenden

FOR RELIEF DEFENDANT BEACH BUNNY HOLDINGS LLC:

_/s/ A. Chittenden_          12/19/2019

Angela Chittenden, as an Authorized    Date
Officer of Beach Bunny Holdings LLC

_/s/_          12/19/2019

Joshua M. Robbins, pro hac vice    Date
Peter P. Hardin, pro hac vice
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

Counsel for Relief Defendant Beach Bunny Holdings LLC

14

**FOR THE AAC FAMILY HYCET TRUST:**

_____     12/20/2019
Greg Crawford                        Date
President of Alliance Trust Company

*Authorized Trustee for The AAC Family HYCET Trust*

_____     12/19/2019
Joshua M. Robbins, *pro hac vice*    Date
Greenberg Gross LLP
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

*Counsel for The AAC Family HYCET Trust*

15