UNITED STATES DISTRICT COURT OF
MARYLAND
SOUTHERN DISTRICT

*In re* SANCTUARY BELIZE LITIGATION

Case No. 18-cv-3309 PJM

___FILED  ___ENTERED
___LODGED ___RECEIVED

JAN 1 5 2020

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## AFFIDAVIT OF BIAS

Pro Se Defendant, Andris Pukke, being of sound mind and legal age, is hereby seeking protection under 28 U.S.C. § 144 and 28 U.S.C. § 455 to disqualify the Honorable Judge Peter Messitte from all future proceedings in this manner based on the bias he has shown towards me throughout my long history in his courtroom. This affidavit and the protection that I am seeking is necessitated by Judge Messitte's denial of the Motion to Recuse, based on bias, that was filed by my previous counsel (Motion attached).

I, Andris Pukke, hereby state the following under penalty of perjury:

### Statutes

28 U.S.C. § 144, provides:

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias

or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 455 provides:

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

The two sections "are not redundant but are complementary...." *United States v. Silba*, 624 F.2d 864, 868 (9th Cir. 1980). "[A] movant under section 144 must allege facts to convince a reasonable person that bias exists, while under the broader language of section 455, he must show only that a reasonable person 'would harbor doubts about the judge's impartiality.'" *Phillips v. Join Legislative Committee on Performance & Expenditure Review*, 637 F.2d 1014, 1019 (5th Cir. 1981), *cert denied*, 456 U.S. 960 (1982).

Based on the foregoing and supported by the sworn facts contained in this affidavit, any "reasonable person" would indeed be convinced of the existence of judicial bias in the case at bar. Even absent actual bias, a reasonable person would certainly "harbor doubts" about the Court's impartiality.

### Judge Messitte's Bias Statements

As the FTC themselves state in their Amended Complaint, Judge Messitte has—on several occasions—expressed negative views of me both in connection with this case, as well as the separate AmeriDebt matter. Some of the statements Judge Messitte has made on the record about me are as follows:

2

"Pukke had lied dozens of times...including when he took the stand under oath" Tr (May 2, 2007 at 101:14-15)

"The stories about Pukke's assets were absurd and ludicrous" Tr (May 4, 2007) at 26:3-8; 26:12-13

"The mendacity of these two men (Pukke and Baker) throughout the history of this receivership is something to behold" Tr (May 4, 2007) at 27:7-8; 27:9-10

"There's a casualness about Mr. Baker's statements, and indeed Mr. Pukke, as if the truth doesn't really matter" Tr (March 14, 2007) at 25:22-24

"Baker and Pukke's **credibility is zero**" Tr (March 14, 2007) at 26:5-6

In fact, on a call with Patrick Bradford, one of my previous attorneys, Judge Messitte stated, "Mr. Bradford, I know your client better than you know your client". In addition, Judge Messitte once said to John Williams, one of my other previous attorneys, "John, I like you but I don't much like your client". Those two statements couldn't be clearer evidence of Judge Messitte's pre-determined negative opinion and bias against me.

Throughout the Preliminary Injunction hearing, Judge Messitte's evident bias, was conveyed through his body language, tone and over-reaction to any mention of the name "Pukke" or anything that sounded like "Pukke". It was an unfortunate but ongoing topic of discussion between me and my counsel throughout the entire two-week hearing.

At one point in the Preliminary Injunction Hearing, Judge Messitte insisted on believing that a document with the name "Andy Storm" was evidence of an ongoing and intentional misuse of that name. In fact, his insistence was so strong that he stated that he was questioning the witness as a prosecutor would. On cross examination, when other evidence in the document made clear of the timeframe - - and that the Court's insistence of ongoing falsehood was incorrect – Judge Messitte was visibly disappointed. (Transcript attached).

3

Certainly, any reasonable person who saw Judge Messitte's body language, heard him state that he believes I'm a liar, that my credibility is "zero" and that he, "doesn't much like me" and "knows me better" than my attorneys do, would be fully convinced or at the very least harbor doubt, about the Court's impartiality.

### Judge Messitte's Witness Tampering

If the statements that Judge Messitte made in open court about me aren't enough to prove his bias, his inexcusable tampering with defense witnesses during his questioning in the Preliminary Injunction hearing, by suggesting things to them that didn't happen, should be. When questioning two defense witnesses about their knowledge of me, he asked:

Judge Messitte's question to Defense Witness 1:

"Well suppose you determined that he (Mr. Pukke) was convicted of fraud involving people who were looking for credit counseling…would that have effected your decision to buy?" Tr (March 22, 2019) at 51:19-23

Judge Messitte's question Defense Witness 2:

"Suppose it had to do with credit counseling fraud, that is, defrauding people who were seeking credit counseling, that there was a conviction for, basically defrauding people nationwide, would that have effected your decision to buy into the enterprise?" Tr (March 21, 2019) at 50:13-17

The fact is, I was never "convicted" or pled guilty to any fraud whatsoever involving my credit counseling business as Judge Messitte suggested to the witnesses. In fact, as Judge Messitte should very well know, the AmeriDebt case was only a civil matter and I settled it without any admission of guilt whatsoever. His questioning was an inexcusable show of bias and prejudice, especially considering the fact that he himself was the presiding judge over that entire Ameridebt civil case. For him to misrepresent such crucial facts, especially when presenting

4

them to witnesses, in order to get them to change testimony that was favorable to me, is unacceptable.

## Robb Evans and Associates

Not only does Judge Messitte have a personal bias against me, but Robb Evans and Associates, the Receivers that he assigned to the case do as well, and Judge Messitte is well aware of it. In fact, Robb Evans was the same receivers that Judge Messitte assigned to the previous Ameridebt case that I had in his courtroom over a decade ago. In that case, I was forced to litigate many issues with Robb Evans and there is absolutely no question that their disdain for me exists today. They have gone so far as to call me "the devil" to other Defendants in this case.

In the Ameridebt case, Brick Kane from Robb Evans inadvertently sent an email intended for Gary Caris (attorney for Robb Evans) to my attorneys with the simple line, "Let's bury these assholes!". There can be no clearer evidence of bias than that, yet when the email was presented to Judge Messitte, he ignored it. Making matters worse, he decided to once again assign them as the receivers in this case.

There is no question that Receivers are required by law to be neutral, third party, fiduciaries. Robb Evans and Associates however, acts more like an FTC prosecutor than a neutral third party. One must look no further than their Receiver's "Reports" (attached). They parrot the FTC's untrue, unproven, allegations and report them as fact. Receivers are tasked with reporting the financial conditions of a company and preserving the assets. They are not tasked with opining on the unproven allegations of the plaintiff, in this case the FTC. Considering the

fact that all third parties, including all witnesses, believe that Robb Evans and Associates is a true neutral third party, they trust the accuracy and honesty of the information in their reports. In this case, without any justification, Robb Evans and Associates has "reported" that the FTC's allegations are in fact true. This has created an immense prejudice against me and the other Defendant's as all third parties, including all witnesses that we intended to call, have turned against us, believing that the "neutral" receivers must be telling the truth and that as a result, the FTC's allegations must be true. Which they are not.

Judge Messitte's decision to assign Robb Evans and Associates as the receivers over this case, when he is well aware of the strong bias that they have against me, is further evidence of his bias and his intent to create as much prejudice as possible .

### Judge Messitte's Bias Favoring the FTC

Not only has Judge Messitte shown clear bias against me, he continues to show bias in favor of the FTC. Unfortunately, I have been in litigation with the FTC in Judge Messitte's courtroom twice, spanning almost 20 years. During that time, my attorneys and I, as well as the attorneys for other Defendants, have filed hundreds of Motions. Judge Messitte has not granted us a single one of any importance! Recently, he has been ruling on FTC Motions before even giving me my legal time to respond to them stating that time is running short and that he doesn't believe that any response I give will change his opinion. I can't think of a clearer example of bias and injustice than that.

As an example of Judge Messitte's bias favoring the FTC, the FTC "dumped" 2,500,000 documents on me less than 30 days before the trial. They continue to dump more documents on

me every week even though we are long past the discovery deadline. It is physically impossible for me to review those documents prior to trial and it is a certainty that their document "production" contains many valuable pieces of evidence to my defense. When Motions were filed pointing this out to Judge Messitte, asking for a Stay in the case in order for the Defendants to have the proper time to review the documents, he of course denied them. I am now forced to attempt to litigate this case, Pro Se, without even being granted the proper time to review the FTC's documents or to prepare for the case..

Judge Messitte's continual denial of all of the Defendant's Motions, while granting all of the FTC's, is yet another clear example of his bias favoring the FTC.

Justice is supposed to both appear fair, and actually be so. Neither is possible for me when appearing before Judge Messitte as he has prejudged In Re Sanctuary Belize based on the bias created in the AmeriDebt case. A bias so deep, it simply cannot be ignored.

## Conclusion

As in his overturned and universally derided decision in the Trump Emolument case—which the 4th Circuit found to be such rubbish that it amounted to an "improper use" of the courts—District Court Judge Messitte's personal bias against me taints and washes away my due process rights, bedrock precedent, explicit statutory law, and well-settled judicial standards of review, leaving my fate and the fate of my family, entirely in the hands of a biased District Court acting as figurative and literal judge, jury, and executioner.

If no good cause exists to issue an injunction, Judge Messitte simply fabricates a lower "fair and tenable" standard of review from whole cloth. If I'm entitled to a jury trial under the Seventh Amendment, Judge Messitte simply carves an exception built on sand and air, finding distinctions without difference between civil and criminal penalties to justify revoking my Due Process Rights. If the Defendants can't afford to hire counsel as a result of Judge Messitte's denial of their access to funds, and I wish to appear on behalf of the companies, Judge Messitte "sees no reason" not to enter—and does enter—Default Judgments against them three weeks before trial, finding them liable, despite all material facts remaining in dispute. If I, as well as all other Defendants and witnesses, live three thousand miles away, have no ties to Maryland, and cannot afford to defend the case in Maryland after being rendered destitute from a fraudulent ex parte TRO and asset seizure, Judge Messitte simply retains jurisdiction and venue in Maryland anyway, denying me access to any funds, destroying all hope of receiving anything close to a fair trial . If witness testimony undermines the entirety of the government's case, Judge Messitte simply tampers with and intimidates the witness with maliciously false and slanderous lies about me, asking the witness whether his testimony would change (no, it still wouldn't) if he "knew" Defendant was "convicted of ...." (Which I most certainly was not).

It's no mystery that Judge Messitte sat in a prior case against me. Indeed, the FTC's bogus *ex parte* Complaint, TRO, and Preliminary Injunction—which even the District Court found no good cause to issue after a two-week hearing (but issued anyway based on a lower "fair and tenable" standard of review spun from whole cloth)—is built upon a manufactured nexus between the prior AmeriDebt case and the instant one. Acting in precisely the manner that the above statute is intended to guard against, every single one of Judge Messitte's rulings, from his retention of jurisdiction and venue in Maryland, to his denial of Defendants' Seventh

Amendment Right to Trial by Jury, to his most recent entry of Default Judgment against the corporate Defendants three weeks before trial, is reversible error on its face; each ruling's survival on appeal depends entirely on the discretion built into appellate standards of review—discretion that the District Court squanders with every illogical twist and turn of its rulings, powered, as each one is, by the high test jet fuel of judicial prejudice and bias burning free of any objective legal science.

The law is clear. Given the totality of the judicially noticeable facts above, and the District Court's own words on the record as reflected in this affidavit, all of which the Court must presume to be true as a matter of law (and indeed cannot dispute as a matter of fact), a reasonable person would conclude that bias exists in this case and Judge Messitte must therefore recuse himself under 28 U.S.C. § 144.

Even assuming no actual prejudice, there can be no doubt that a reasonable person looking at the totality of the circumstances "would harbor doubts" about the Court's impartiality, thus independently mandating disqualification under 28 U.S.C. § 144.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge. EXECUTED this 10th day of January 2020, in Newport Beach, California.

X_____  Date: 1-10-2020

Andris Pukke
Pro Se Defendant

# CALIFORNIA JURAT

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA     )
                        ) ss
COUNTY OF ORANGE        )

Subscribed and sworn to (or affirmed) before me on this 10th day of January, 2020, by ANDRIS PUKKE, who proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

HEMANSHU P. BADANI
COMM...2257720
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Term Exp. Oct. 7, 2022

Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.

**Description of Attached Document**

Title or Type of Document __Affidavit of Bias__   Document Date __1/10/2020__

Number of Pages __9__   Signers Other Than Named Above: _____