## UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
301-344-0632

### MEMORANDUM

To:         Counsel of Record and Pro Se Parties

From:    Judge Peter J. Messitte

Re:        In re Sanctuary Belize Litigation
              Civil No. PJM 18-3309

Date:     January 17, 2020

\*\*\*\*\*\*\*\*

Defendant Andris Pukke has filed an Affidavit of Bias[1] seeking to disqualify the undersigned from presiding in the above-captioned proceeding pursuant to 28 U.S.C. § 144 and 28 U.S.C. § 455. ECF No. 818. The Affidavit was received and docketed by the Court on January 14, 2020, the very day of the Pretrial Conference and one week before the scheduled start of trial.[2] Pukke previously filed a Motion for Recusal under 28 U.S.C. § 455 when he was represented by counsel, ECF No. 174, which the Court denied on the record on March 1, 2019, ECF No. 257.[3] Accordingly, at this point, the Court need only address Pukke's argument under 28 U.S.C. § 144.

Pukke first sent his Affidavit of Bias to Chief Judge Bredar of this Court in Baltimore. It is not entirely clear whether the Chief Judge has any role to play at any stage of proceedings involving a petition of this sort. In any event, the same "judge against whom an affidavit under § 144 is filed must pass upon the legal sufficiency of the facts alleged" and "deny the relief claimed on account of the facts stated in the affidavit if they are legally insufficient." *Sine v. Local No. 992 Int'l Bhd. of Teamsters*, 882 F.2d 913, 914 (4th Cir. 1989). The judge determines whether "the affidavit (1) is in compliance with the procedural requirements of § 144 and (2) [whether the affiant] alleges with specificity that the judge in question has a personal bias or prejudice either against him or in favor of any adverse party." *United States v. Gray*, 2012 WL 2370131, at \*2 (D. Md. June 21, 2012), subsequent mandamus proceeding sub nom. *In re Gray*, 474 F. App'x 984 (4th Cir. 2012).

To "serve as a basis for recusal under § 144, affidavits must be both timely and sufficient." *Sine*, 882 F.2d at 914 (internal citations and quotation marks omitted); *see also* 28 U.S.C. § 144.

As a preliminary matter, it does not appear that, as a *pro se* litigant, Pukke is even authorized to file an Affidavit of Bias. The statute explicitly states that the Affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. Judge

---

[1] Pukke's Affidavit of Bias is not accompanied by a Motion for Recusal. The Court will construe Pukke's Affidavit as a Motion for Recusal.

[2] Pukke emailed the Affidavit to the Court on January 10, 2020. The Court has previously ordered that he submit all court pleadings and correspondence by "ordinary mail (not-email)" to the Office of the Clerk of Court. ECF No. 550.

[3] The Court denied a similar Motion for Recusal under 28 U.S.C. § 455 from Defendant Peter Baker in ECF No. 653.

Chasanow of this Court has interpreted the statute to mean that *pro se* litigants <u>cannot</u> file an Affidavit of Bias. *See Mathis v. Goldberg*, 2013 WL 1232898, at \*1 (D. Md. Mar. 25, 2013), *aff'd*, 538 F. App'x 310 (4th Cir. 2013) (holding the *pro se* Plaintiff's affidavit failed to comply with § 144 as he did not and could not supply a certificate of counsel of record stating the affidavit was made in good faith, and collecting cases that state the same)[4]; *see also Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014) (stating in dicta "If the affidavit is sufficient, **accompanied by a certificate of good faith**, and timely filed, another judge will be assigned to the proceeding" (emphasis added)). *But see Wambach v. Hinkle*, 2007 WL 2915072, at \*1 (E.D. Va. Oct. 4, 2007) (allowing a *pro se* party to submit an affidavit without a certificate of counsel stating that the affidavit was filed in good faith); *United States v. Reep*, 764 F. App'x 366 (4th Cir. 2019) (finding a *pro se* party's affidavit to be untimely).

Requiring the certificate of an attorney tends to assure that the allegations reflect something more than the mere displeasure of a disgruntled litigant with the Court. A second rationale behind this requirement is to ensure that the Affidavit of Bias is made in good faith, since a district court may impose sanctions under Rule 11 against an attorney for filing a frivolous motion. *See, e.g., In re Johnson*, 186 F. App'x 390, 394 (4th Cir. 2006). It is questionable whether such avenue exists with respect to *pro se* litigants. Accordingly, the Court concludes that Pukke, as a *pro se* litigant, is not authorized to submit an Affidavit of Bias. But it is not necessary to deny Pukke's motion solely on this ground because, even assuming Pukke could file an Affidavit of Bias, the Affidavit must have been timely and sufficient—and it is clearly neither.

Pukke filed his Affidavit on January 14, 2020, well more than a year after the start of this case, citing statements of bias that the undersigned supposedly made in Court, some more than twelve years ago and a few from approximately ten months ago. Section 144 requires that a motion for recusal must be "made no later than 10 days before commencement of the term of court at which the suit is to be entertained, or a party must show good cause why the motion is brought after this time." The ten day requirement is no longer interpreted literally; instead "courts have simply required a party to exercise reasonable diligence in filing an affidavit after discovering facts that show bias." *Pomeroy v. Merritt Plaza Nursing Home, Inc.*, 760 F.2d 654, 658 (5th Cir. 1985). Thus, "motions to recuse must be filed at the first opportunity after discovery of the facts tending to prove disqualification." *Sine*, 882 F.2d at 915 (citing *Duffield v. Charleston Area Medical Center*, 503 F.2d 512, 515 (4th Cir.1974)); *see also United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) ("one must raise the disqualification of the judge at the earliest moment after knowledge of the facts." (internal citations and quotation marks omitted)). Since Pukke's motion comes one week before a three-week trial, which in June 2019 was set for January 2020 and actually calendared for that period in September 2019[5], the Motion is not timely.

Even if Pukke's motion were timely, it is not legally sufficient. To be legally sufficient, the Court would have to find that "(i) the affidavit contains facts, and not conclusions and generalizations, that are material and stated with particularity; (ii) the facts would convince a reasonable person that bias exists; and (iii) the bias alleged is personal and extrajudicial in nature and of such a nature

---

[4] Judge Chasanow then considered the Plaintiff's motions as being brought under 28 U.S.C. § 455. The Court's previous denial of Pukke's Motion under 28 U.S.C. § 455 stands.
[5] The Court advised parties in a June 4, 2019 Memorandum Order that it had reserved the last two weeks of January 2020 for the merits trial. ECF No. 487.

as would result in an opinion on the merits on some basis other than what the judge learned from participation in the case." *Gray*, 2012 WL 2370131, at *3 (internal citations and quotation marks omitted). The Court finds Pukke has met none of the three prongs. But the Court can proceed directly to the third prong to dispose of the matter. Every statement Pukke alleges shows bias occurred in court regarding a case in which he was a Defendant, where his credibility was very much at issue. The allegedly biased statements are, by definition, not personal or extrajudicial. *See Sine*, 882 F.2d at 915 (finding a "judge's actions or experience in a case or related cases or attitude derived from his experience on the bench do not constitute a basis to allege personal bias."); *see also Shaw v. Martin*, 733 F.2d 304, 308 (4th Cir. 1984) (stating the district court judge did not abuse his discretion in denying a motion to recuse "if the complaint is merely based upon the judge's rulings in the instant case or related cases or attitude derived from his experience on the bench."); *Liteky v. United States*, 510 U.S. 540, 551 (1994) (stating "not subject to deprecatory characterization as bias or prejudice are opinions held by judges as a result of what they learned in earlier proceedings.")

In *Liteky*, the Supreme Court addressed the limited "pervasive bias" exception to the extrajudicial requirement, describing it as a predisposition "so extreme as to display clear inability to render fair judgment." 510 U.S. at 551. Pukke has not alleged "pervasive bias," but even if he had, the only actions he describes with particularity, again, are out-of-context statements made in Court, as well as the undersigned's alleged body language and tone in Court, the undersigned's posing of hypothetical questions to witnesses, and the fact that the Court has denied a great majority of Pukke's multifarious motions. This does not demonstrate "pervasive bias" that is "so extreme as to display clear inability to render fair judgment."

Ultimately, Pukke's legal and factual premises are simply ill-conceived. A court may ask questions of witnesses at a Preliminary Injunction hearing (which does not involve jurors), including questions that are hypothetical as well as factual in nature. Moreover, Pukke's credibility is at issue in this proceeding and has been at issue in previous proceedings, such that any comments regarding Pukke's credibility were well in order. There is also context to the Court's hypothetical questions Pukke finds objectionable. The fact is that Pukke had previously settled with the FTC in a case in which he was alleged to have used "unfair or deceptive acts or practices in promoting and offering credit counseling and debt management plans" in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). Stipulated Final Judgment and Permanent Injunction As to Defendants DebtWorks, Inc. and Andris Pukke, F.T.C. v. Ameridebt, Inc., et al., Civ. No. 03-3317 PJM (D. Md. Jan. 12, 2006), ECF No. 473. With Pukke's consent, judgment was entered against him in the amount of $172,000,000, or $35,000,000 if he cooperated. *Id.* (In the present case, the FTC alleges that Pukke did not cooperate in the *Ameridebt* case.) And while Pukke was never convicted of criminal fraud in that case, he did plead guilty to obstruction of justice in violation of 18 U.S.C. § 1503 by concealing or making false statements concerning assets in relation to that case. Plea Agreement, United States v. Andris Pukke, Cr. No. 10-734 PJM (D. Md. Jan. 20, 2011), ECF No. 7. In fact, he went to jail for 18 months. *Id.*, ECF No. 15. At the Preliminary Injunction hearing and at trial, it was and will be of interest to the Court to know if the fact of Pukke's involvement in Sanctuary Belize was concealed from prospective purchasers; whether aspects of his criminal and civil background were disclosed to them; and whether knowledge of those matters would have affected the decisions of any individuals who made purchases at Sanctuary Belize.

Finally, the fact that the Court may have ruled against Pukke multiple times does not mean that the Court has demonstrated pervasive bias. *See In re Walker*, 532 F.3d 1304, 1311 (11th Cir. 2008) (stating "Adverse rulings are grounds for appeal but rarely are grounds for recusal."). The Court is satisfied that its rulings in all respects have been well-founded and free of bias, including its rulings against Pukke.

Accordingly, the Court **DENIES** Pukke's Motion for Recusal under 28 U.S.C. § 144.

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
_____
Peter J. Messitte
United States District Judge

cc:    Court File