IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| *In re* SANCTUARY BELIZE LITIGATION | * * * * * * * * * | Civil No. **PJM 18-3309** |

## MEMORANDUM OPINION

In an ever-unfolding saga of post-judgment motions, several defaulted defendants[1] in this case (together, "Defaulted Defendants") have moved pursuant to Federal Rule of Civil Procedure 60(b)(5) for relief from the default judgments entered against them on January 13, 2021. In their short, one-page Motion, the Defaulted Defendants claim that the judgments have been nullified by *AMG Capital Management, LLC v. Federal Trade Commission*, 141 S. Ct. 1341 (2021). No further analysis is provided. For the reasons the follow, their Motion is **DENIED**.

As an initial matter, the Court has already pointed out why *AMG Capital* does not *ipso facto* render the judgments in this case void. *See In re Sanctuary Belize Litig.*, --- F. Supp.3d ---, Civ. No. PJM 18-3309, 2021 WL 1117763 (D. Md. Mar. 24, 2021). In its Opinion rendered before the Supreme Court reached its decision, the Court considered the effect that a decision in *AMG Capital* adverse to the FTC might have, reasoning that: "this Court's findings of fact and determinations as to liability—including contempt of court and violations of the Telemarketing

---

[1] Namely, John Usher, Global Property Alliance Inc., Sittee River Wildlife Reserve, Buy Belize LLC, Buy International Inc., Foundation Development Management Inc., Eco-Futures Development LLC, Eco-Futures Belize Ltd., Newport Land Group LLC, Power Haus Marketing, Prodigy Management Group LLC, Belize Real Estate Affiliates LLC, Exotic Investor LLC, Southern Belize Realty LLC, Sanctuary Belize Property Owners' Association, and the Estate of John Pukke. ECF No. 1267.

Services Rule ("TSR")—would not be affected by a decision in *AMG*. Indeed, even if Defendants' prediction[] as to *AMG* hold[s] true, all that would be affected [would be] one remedy presently available to the FTC." *Id.* at *1. That holds true today.

Immediate denial of the present Motion is further warranted by the Defaulted Defendants' rather surprising failure to comply with Local Rule 105.1—they neglected to submit a memorandum of law in support of their Motion. In failing to do so, they have skirted among other fundamental questions: What authority do they, as defaulted defendants, involved as part of a common enterprise with virtually all other Defendants, have to upset a final and valid judgment against them after willfully defaulting?

The Court adopts *in toto* the arguments raised by the Federal Trade Commission in Opposition, ECF No. 1272, and finds no basis to grant the Defaulting Defendants' Motion.

## CONCLUSION

For the foregoing reasons, the Defaulted Defendants' Motion, ECF No. 1267, is **DENIED**. A separate order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

August 24, 2021