IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

In re SANCTUARY BELIZE
LITIGATION

Civil No.: PJM 18-3309

## MEMORANDUM OPINION

The Motion for Order Approving and Authorizing Payment of Original Receiver's and Professional's Fees and Costs From April 1, 2021 Through October 26, 2021 and for Related Relief (EOF No. 1326) filed by the original receiver, Robb Evans & Associates LLC ("Robb Evans"), came before this Court in December 2021. The Court granted this Motion insofar as approving the Receiver's fees. The Court now considers the approval of the Receiver's actions and the release of the Receiver and/or its agents from liability.

Robb Evans moves for the Court to order the following:

1. All actions and activities taken by or on behalf of Robb Evans and all payments made by Robb Evans in connection with the administration of the receivership estate are approved and confirmed.
2. Robb Evans, and its deputies, agents, employees, members, officers, independent contractors, attorneys, accountants and representatives shall have no liability to any person or entity for any action taken or not taken in connection with carrying out Robb Evans's administration of the receivership estate, and the exercise of any powers, duties and responsibilities in connection therewith.
3. Robb Evans, and its deputies, agents, employees, members, officers, independent contractors, attorneys, accountants and representatives are released from all claims and liabilities arising out of and/or pertaining to the receivership while Robb Evans was Receiver, and all of the foregoing persons and entities except for Barnes & Thornburg are relieved of all duties and responsibilities pertaining to the receivership.

ECF No. 1326.

Defendants oppose this relief. They claim that the grant of such sweeping prospective relief from future claims regarding actions or activities taken by Robb Evans is unauthorized, premature, and contrary to law. ECF No. 1327. Defendants make three distinct arguments as to the inappropriate nature of this relief.

They first cite to *FTC v. Vemma Nutrition Co.* where the Receiver, coincidentally also Robb Evans, was denied the broad release of liability it requested. WL 7786476, at *1-2 (D. Ariz. Sept. 8, 2016). The court in *Vemma* concluded that it "has no authority to grant sweeping prospective relief from claims not yet brought and from parties unknown – that is the essence of an advisory ruling, which

the Court will not provide." *Id.* Defendants warn the Court against issuing such an impermissible opinion.

Defendants' next assert that it is premature for the Court to approve and confirm all the actions taken by Robb Evans or to grant it an unconditional release of liability because the receivership might be in flux after the Supreme Court's decision in *AMG Capital Management v. FTC*, 141 S. Ct. 1341 (2021).

Lastly, Defendants claim that they should retain the ability to sue Robb Evans for its ultra vires actions. *Barton v. Barbour*, 104 U.S. 126, 134 (1881). Specifically, Defendants allege that Robb Evans acted outside of the confines of the Court's orders by: "(i) instructing Sanctuary Belize lot owners to stop making contractual monthly payments to the sellers; (ii) selling off property without Court approval; (iii) damaging properties through mismanagement; and (iv) preventing the Pukke Defendants from using the Belize attorneys who represented their companies from continuing to do so in this case." ECF No. 1327.

The Court does not agree.

First, Defendants' reliance on *FTC v. Vemma Nutrition Co.* is misplaced. WL 7786476, at *1-2 (D. Ariz. Sept. 8, 2016). In *Vemma*, Robb Evans was seeking release from its role as temporary receiver for just 28 days. *Id.* Critical to the court's hesitance to grant Robbs Evans' prospective relief was the request's timing; the court had not yet issued a final judgment. In fact, after the court issued its judgment, Robb Evans assumed the role of liquidating receiver. When that receivership wound up, Robb Evans sought and obtained the same relief it seeks in the instant case. *Federal Trade Commission v. Vemma Nutrition Co.*, No. 2:15-CV-01578 (D. Ariz. Sept. 4, 2018).

As *Vemma* explains, the broad release of liability for a receiver is routinely approved in cases where the judgment is final and the receiver is discharged. To underscore this point, Robb Evans cites eleven examples where such relief was granted, including the winding up of the receivership against Andris Pukke and the other receivership defendants in *Federal Trade Commission v. AmeriDebt, Inc.* No. 8:03-CV03317 (D. Md., December 30, 2013). ECF No. 1330. In fact, much of the language in Robb Evans' proposed order is identical to the language approved by this Court in the corresponding order in *AmeriDebt, Inc. Id.*

Defendants' second argument is now foreclosed. The Fourth Circuit addressed the very issue of the receivership's validity in its November 2nd, 2022 opinion:

> Pukke argues that AMG requires nullification of the district court's appointment of a receiver and everything the receiver has done. AMG does nothing of the sort. The appointment of a receiver has long been considered an ancillary power that a court can deploy to effectuate its injunctive relief. *See Home Mortg. Co. v. Ramsey*, 49 F.2d 738, 743 (4th Cir. 1931) (explaining that a federal court can

> consider appointing a receiver where the receivership is "ancillary to other relief.")

ECF No. 1377.

Defendants' third argument fares no better. A receiver acts pursuant to a court's order, and as such, it is relieved of personal liability for actions taken pursuant to the order of appointment during its term. See, e.g., *Hanlon v. Smith*, 175 F. 192 (N.D. Iowa 1909) (citing *McNulta v. Lochridge*, 141 U.S. 327, 332). Defendants' claim that they should nonetheless be able to hold Robb Evans liable for purportedly abusing its discretion and venturing outside the scope of its Court appointed powers. This argument is unconvincing. Both the Ex Parte Temporary Restraining Order (Doc. 13) ("TRO") and the principal Preliminary Injunction (Doc. 615) bestowed a broad grant of power upon Robb Evans to take the actions that it found necessary, including instructing Sanctuary Belize lot owners to stop making contractual monthly payments to the sellers; selling off property; managing the property as it saw fit; and preventing the Pukke Defendants from engaging unfit attorneys to represent the Receiver's interests in Belize. (the Receiver "shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval" and shall "[a]ssume full control of the Receivership Entities by removing, as the Receiver deems necessary or advisable, any ... attorney ... of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity.") (TRO, Section XVI.A- XVI.D; Preliminary Injunction as to Defendants Andris Pukke, Peter Baker etc., Section XVI.A- XVI.D).

The Court has approved the actions of Robb Evans as Receiver in this case on many occasions. The Court will **GRANT** the relief Rob Evans requests. Robb Evans shall submit a proposed order consistent with this ruling.

**Date: December 14, 2022**

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE